■ PATRICE KATZ, Respondent, v WESTCHESTER COUNTY HEALTHCARE CORPORATION et al., Appellants. [917 NYS2d 896]—

A property owner has a duty to maintain his or her property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). However, a property owner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943 [2009]; *Neville v 187 E. Main St., LLC*, 33 AD3d 682 [2006]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). Here, the defendants failed to establish, prima facie, that the alleged condition that caused the plaintiff to trip and fall was open and obvious and not inherently dangerous (*see Carson v Baldwin Union Free School Dist.*, 77 AD3d 878 [2010]; *see generally Cupo v Karfunkel*, 1 AD3d 48 [2003]). Since the defendants did not meet their initial burden as the movants, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment dismissing the complaint. Covello, J.P., Lott, Roman and Miller, JJ., concur.