■ IRENE GORDON, Respondent, v PITNEY BOWES MANAGEMENT SERVICES, INC., et al., Appellants. [942 NYS2d 155]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered January 14, 2011, which denied their motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants provided mail sorting and delivery services for the plaintiff's employer at the office location at which the plaintiff worked and allegedly was injured. The plaintiff alleged that the defendants' placement of a white corrugated plastic mail bin "one step" from the opening of her cubicle created a dangerous tripping hazard. Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied the motion, concluding that the defendants failed to meet their prima facie burden. The defendants appeal. We affirm, albeit for reasons different from those stated by the Supreme Court.

Ordinarily, a contractual obligation will not be sufficient in and of itself to impose tort liability on noncontracting third parties (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *DePascale v E&A Constr. Corp.*, 74 AD3d 1128 [2010]). There are three exceptions to this general rule: (1) where the contract-

ing party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Church v Callanan Indus.*, 99 NY2d at 111; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Sainval-Brice v All Seasons Indus. Servs., Inc.*, 85 AD3d 1004 [2011]; *Bono v Halben's Tire City, Inc.*, 84 AD3d 1137 [2011]; *Izzo v Proto Constr. & Dev. Corp.*, 81 AD3d 898 [2011]).

Contrary to the Supreme Court's determination, because the plaintiff failed to allege facts in her complaint or in her bill of particulars which would establish that any of the exceptions in *Espinal v Melville Snow Contrs.* (98 NY2d at 140), and its progeny applied herein, the defendants demonstrated their prima facie entitlement to judgment as a matter of law merely by coming forward with proof that the plaintiff was not a party to the contract between the defendants and the plaintiff's employer (*see Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899 [2011]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003 [2011]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Once the defendants made their prima facie showing, "the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact as to the applicability of one or more of the [above] three . . . exceptions" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214).

In opposition to the defendants' prima facie showing, the plaintiff raised a triable issue of fact. Viewing the evidence in the light most favorable to the plaintiff and affording her the benefit of every favorable inference (*see Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]; *Franklin v 2 Guys From Long Pond, Inc.*, 50 AD3d 846 [2008]), we find that the plaintiff raised a triable issue of fact as to whether the defendants, in failing to exercise reasonable care in the performance of their duties, launched a force or instrument of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]).

The Supreme Court properly rejected the defendants' contention that they had no duty to protect or warn against the condition complained of because it was open and obvious and not inherently dangerous. The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). The question cannot be divorced from the surrounding circumstances. Moreover, "[a] condition that is

ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d at 1061).

Here, the defendants failed to eliminate all triable issues of fact as to whether the condition was open and obvious or was rendered a trap due to its close proximity to the plaintiff's cubicle opening which allegedly obscured her line of sight (*see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]; *Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026, 1028 [2011]; *Davarashvili v ABM Indus. Inc.*, 81 AD3d 776 [2011]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d at 1062; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 635 [2010]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.