■ John Schiavone et al., Appellants, v Bayside Fuel Oil Depot Corporation et al., Respondents. [942 NYS2d 585]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 11, 2010, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 25, 2006, the plaintiff John Schiavone allegedly was injured when he slipped and fell while alighting from his truck in the defendants' gravel parking lot on Sackett Street in Brooklyn. Schiavone and his wife, suing derivatively, commenced this action, alleging that the parking lot's surface was defective. At his deposition, Schiavone testified that he parked his truck in the lot at the end of each work day. He was looking at the ground just before he allegedly was injured, and did not see anything other than the gravel. The defendants moved for summary judgment dismissing the complaint, contending, among other things, that the condition that allegedly caused the accident was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiffs appeal.

A landowner has a duty to maintain its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), but has no duty to protect against or warn about open and obvious conditions that are not inherently dangerous (*see Dadon v 102-30 66th Rd. Co-Op Owner's, Inc.*, 90 AD3d 976, 977 [2011]; *Atehortua v Lewin*, 90 AD3d 794, 794-795 [2011]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the surface of the parking lot was an open and obvious condition and that it was not inherently dangerous (*see Atehortua v Lewin*, 90 AD3d at 795; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]; *Fernandez v Edlund*, 31 AD3d 601 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Atehortua v Lewin*, 90 AD3d at 794-795; *Fernandez v Edlund*, 31 AD3d 601 [2006]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.