■ Edward Baron et al., Appellants, v 305-323 East Shore Road Corporation, Respondent. [994 NYS2d 651]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Asarch, J.), entered December 21, 2012, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered February 7, 2013, which, upon the order, is in favor of the defendant and against them dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal dated February 15, 2013, is deemed to be a notice of appeal by the plaintiffs (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

At about 5:30 p.m. on December 4, 2008, the injured plaintiff allegedly sustained personal injuries when he tripped and fell over a ramp outside a building owned by the defendant. The injured plaintiff testified at his deposition that, at the time of the accident, it was completely dark. He further testified that, as he was walking through the defendant's parking lot, he did not see the ramp because its color blended into that of the surrounding pavement and because the parking lot was inadequately lit.

A landowner has a duty to maintain his or her property in a reasonably safe manner to prevent foreseeable injuries (*see Peralta v Henriquez,* 100 NY2d 139 [2003]; *see also Basso v Miller,* 40 NY2d 233, 241 [1976]). A landlord, however, has no duty to protect or warn against an open and obvious condition that is not inherently dangerous as a matter of law (*see Espada v Mid-Island Babe Ruth League, Inc.,* 50 AD3d 843 [2008]). To demonstrate entitlement to summary judgment in a trip-and-fall case, the defendant must establish that it maintained the premises in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (*see Villano v Strathmore Terrace Homeowners Assn., Inc.,* 76 AD3d 1061 [2010]).

Here, the defendant failed to establish, prima facie, that the allegedly dangerous condition was open and obvious (*see Gordon v Pitney Bowes Mgt. Servs., Inc.,* 94 AD3d 813 [2012]; *Katz v Westchester County Healthcare Corp.,* 82 AD3d 712 [2011]; *Solan v Great Neck Union Free School Dist.,* 43 AD3d 1035 [2007]). The issue of whether a dangerous condition is open and obvious is fact-specific (*see Gordon v Pitney Bowes Mgt. Servs., Inc.,* 94 AD3d at 814), and cannot be divorced from the surrounding cir-

cumstances (*see Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713). In support of its motion, the defendant submitted, among other things, the injured plaintiff's deposition testimony and a report prepared by the plaintiffs' expert engineer. The defendant's submissions failed to eliminate all triable issues of fact as to whether the allegedly unlit ramp was open and obvious.

In addition, the defendant failed to establish, prima facie, that it lacked constructive notice of the alleged defective condition (*see Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]), or that the injured plaintiff's conduct was the sole proximate cause of his accident (*see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748 [2014]).

The defendant's remaining contentions are without merit.

As the defendant failed to meet its initial burden, it is not necessary to consider the sufficiency of the plaintiffs' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.