■ MILOSAVA LAZIC, Appellant, v TRUMP VILLAGE SECTION 3, INC., Doing Business as TRUMP VILLAGE SEC. 3 INC. CO-OP, Also Known as TRUMP VILLAGE SECTION 3, Respondent. [20 NYS3d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 6, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On March 25, 2013, the plaintiff allegedly tripped and fell over a chain hanging from two yellow posts at a driveway entrance to a property owned by the defendant. The plaintiff testified that it was raining and dark outside at the time of the accident. After the accident, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment on the ground that the hanging chain was open and obvious and not inherently dangerous as a matter of law. The Supreme Court granted the motion.

While a possessor of real property has a duty to maintain that property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Barone v Risi*, 128 AD3d 874 [2015]; *Varon v New York City Dept. of Educ.*, 123 AD3d 810 [2014]; *Schiavone v Bayside Fuel Oil Depot Corp.*, 94 AD3d 970 [2012]). The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for a jury (*see Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813 [2012]; *Cassone v State of New York*, 85 AD3d 837 [2011]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *see Barone v Risi*, 128 AD3d at 874; *Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d 826 [2014]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713; *see Maneri v Patchogue-Medford Union Free Sch. Dist.*, 121 AD3d 1056 [2014]; *Russo v Home Goods, Inc.*, 119 AD3d 924 [2014]; *Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]).

Here, contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that the chain was open and obvious, i.e., readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident (see *Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d at 826; *Zhuo Zheng Chen v City of New York*, 106 AD3d 1081 [2013]; *Hadgraft v Morin*, 94 AD3d 701 [2012]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637 [2011]; *cf. Callen v Comsewogue School Dist.*, 95 AD3d 814 [2012]; *Plis v North Bay Cadillac*, 5 AD3d 578 [2004]). In light of the fact that the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the court should have denied the motion regardless of the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cassone v State of New York*, 85 AD3d 837 [2011]). Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.