■ ELISHA LUMPKIN, Respondent, v 3171 ROCHAMBEAU AVE, LLC, et al., Respondents, and QUALITY CONSTRUCTION COMPANY & CONTRACTING, Appellant. [48 NYS3d 585]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 17, 2016, which denied defendant Quality Construction's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to the extent of dismissing the claim that Quality Construction's negligence in providing adequate illumination at the subject location proximately caused the accident, and otherwise affirmed, without costs.

Triable issues of fact exist as to whether Quality Construction created the complained-of danger by failing to erect barricades around its work site to protect plaintiff from falling into a ditch (*see Hanrahan v Whiting Turner Constr., Inc.*, 33 AD3d 338 [1st Dept 2006]). Accordingly, the motion court correctly denied summary judgment dismissing the common-law negligence cause of action against Quality Construction.

There is also a question of fact as to whether putting caution tape in the area was sufficient or reasonable to warn or protect plaintiff from falling into the ditch (*see Fernandez v Rutman*, 120 AD3d 545, 546 [2d Dept 2014]). Even if the ditch were readily observable, such a fact would go to the issue of comparative negligence and would not negate defendant's duty to keep the premises reasonably safe (*Gaffney v Port Auth. of N.Y. & N.J.*, 301 AD2d 424 [1st Dept 2003]).

To the extent that plaintiff alleges that Quality Construction proximately caused the accident by failing to provide adequate illumination for the exterior stairs, that claim should be dismissed. Plaintiff admitted at her deposition that she could see the stairs, and, in opposing the summary judgment motion, she offered no evidence that her fall was precipitated by any hazard she failed to see due to poor lighting (*see Beard v Themed Rests. Inc.*, 128 AD3d 458 [1st Dept 2015]). Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.