Shermazanova v Amerihealth Med., P.C. (2019 NY Slip Op 04437)





Shermazanova v Amerihealth Med., P.C.


2019 NY Slip Op 04437


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-05698
 (Index No. 502200/12)

[*1]Yelena Shermazanova, appellant,
v
Amerihealth Medical, P.C., respondent.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Gregory Nahas of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 16, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she tripped and fell over the leg of a person sitting in a chair in the reception area of the defendant's medical practice. Subsequently, the plaintiff commenced this personal injury action. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
While a possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (see Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 776; Barone v Risi, 128 AD3d 874; Varon v New York City Dept. of Educ., 123 AD3d 810; Schiavone v Bayside Fuel Oil Depot Corp., 94 AD3d 970; Mathew v A.J. Richard & Sons, 84 AD3d 1038, 1039; Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713; Tyz v First St. Holding Co., Inc., 78 AD3d 818, 819). The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for a jury (see Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813; Cassone v State of New York, 85 AD3d 837).
"Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (Katz v Westchester County Healthcare Corp., 82 AD3d at 713; see Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; Barone v Risi, 128 AD3d at 874; Baron v 305-323 E. Shore Rd. Corp., 121 AD3d 826). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Katz v Westchester County Healthcare Corp., 82 AD3d at 713; see Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; Maneri v Patchhogue-Medford Union Free Sch. Dist., 121 AD3d 1056; Russo v Home Goods, Inc., 119 AD3d 924; Stoppeli v Yacenda, 78 AD3d 815, 816; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062).
Here, contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that any hazard due to the placement of chairs in a passageway leading from the reception area of the medical practice to the bathroom was open and obvious, i.e., readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident (see Baron v 305-323 E. Shore Rd. Corp., 121 AD3d at 826; Zhuo Zheng Chen v City of New York, 106 AD3d 1081; Hadgraft v Morin, 94 AD3d 701; Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637).
Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cassone v State of New York, 85 AD3d 837).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court