Cerrato v Jacobs (2019 NY Slip Op 05105)





Cerrato v Jacobs


2019 NY Slip Op 05105


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-04569
 (Index No. 13662/14)

[*1]Joseph Cerrato, appellant, 
v
Earnest Jacobs, respondent.


Andrew J. Wigler, Great Neck, NY, for appellant.
Michael E. Pressman, New York, NY (Stuart B. Cholewa of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered March 2, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff police officer commenced this action in September 2014, alleging that he was injured on October 25, 2012, when he stepped in a dirt area in the front yard of a home owned by the defendant while executing a felony arrest warrant of another person. The plaintiff asserted two causes of action against the defendant, to recover damages for personal injuries under common-law negligence as codified by General Obligations Law § 11-106, and under General Municipal Law § 205-e, respectively. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals. We affirm.
Although the defendant, as the landowner, had a duty to exercise reasonable care in maintaining his property in a safe condition (see Commender v Strathmore Ct. Home Owners Assn., 151 AD3d 1014, 1015; Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 683), the defendant had no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous or where the allegedly dangerous condition can be recognized simply as a matter of common sense (see Schiavone v Bayside Fuel Oil Depot Corp., 94 AD3d 970, 971; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 557), or where the condition on the property is inherent or incidental to the nature of the property, and could be reasonably anticipated by those using it (see Torres v State of New York, 18 AD3d 739, 739).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action asserted pursuant to General Obligations Law § 11-106 by demonstrating that the dirt area was an open and obvious condition which was inherent or incidental to the nature of the property and which was recognizable simply as a matter of common sense (see Miano v Rite Aid Hdqtrs. Corp., 160 AD3d 713, 714; Schiavone v Bayside Fuel Oil Depot [*2]Corp., 94 AD3d at 971). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The defendant also demonstrated his prima facie entitlement to judgment as a matter of law dismissing the General Municipal Law § 205-e cause of action. "A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (Quinto v New York City Tr. Auth., 7 AD3d 689, 689-690; see Williams v City of New York, 2 NY3d 352, 363-364). The police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties (see Galapo v City of New York, 95 NY2d 568, 574). Here, the defendant demonstrated, prima facie, that he was not in violation of any of the regulations alleged by the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court