Robbins v 237 Ave. X, LLC (2019 NY Slip Op 08237)





Robbins v 237 Ave. X, LLC


2019 NY Slip Op 08237


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-13265
 (Index No. 5324/12)

[*1]Susan Robbins, respondent, 
v
237 Avenue X, LLC, et al., appellants.


Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated November 17, 2016. The order denied the separate motions of the defendant F.X. Express Corp. and the defendants 237 Avenue X, LLC, Eugene Simonetti, and Eugene Simonetti, Jr., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants 237 Avenue X, LLC, Eugene Simonetti, and Eugene Simonetti, Jr., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements.
This personal injury action arises from an incident in which the plaintiff, a patron of a deli located in Brooklyn, upon exiting the bathroom at the rear of the deli, tripped over boxes that had been stacked in the corridor immediately outside the bathroom. The deli was operated by the defendant F.X. Express Corp. (hereinafter the tenant) and owned by the defendant 237 Avenue X, LLC, of which the defendants Eugene Simonetti and Eugene Simonetti, Jr., were joint owners (hereinafter collectively the landlord defendants).
The tenant and the landlord defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied both motions. The tenant and the landlord defendants appeal.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241). However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Benjamin v Trade Fair Supermarket, Inc., 119 AD3d 880, 881; Neiderbach v 7-Eleven, Inc., 56 AD3d 632). A condition is open and obvious if it is "readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). The question of whether a condition is open and obvious "cannot be divorced from the surrounding circumstances" (Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713). It is usually a question of fact properly resolved by a jury (see Simon v Comsewogue Sch. Dist., 143 [*2]AD3d 695, 696; Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; Capasso v Village of Goshen, 84 AD3d 998, 999).
Here, the tenant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted by the tenant in support of its motion, including, inter alia, the plaintiff's deposition testimony regarding the accident, failed to eliminate all triable issues of fact as to whether the stacked boxes constituted an open and obvious condition, and whether the stacked boxes constituted an inherently dangerous condition. The evidence likewise failed to establish, prima facie, that the tenant did not create or have notice of the condition. Accordingly, we agree with the Supreme Court's determination to deny the tenant's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we disagree with the Supreme Court's determination to deny the landlord defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. "An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Casson v McConnell, 148 AD3d 863, 864 [internal quotation marks omitted]; see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Byrd v Brooklyn 46 Realty, LLC, 129 AD3d 882, 883; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, the landlord defendants' submissions failed to establish, prima facie, that they were out-of-possession landlords. The copy of the lease the landlord defendants submitted was illegible, and the deposition testimony of Eugene Simonetti, Jr., failed to establish, prima facie, that the landlord defendants had relinquished control over the premises to such a degree as to extinguish their duty to maintain the premises (see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545; see generally Yehia v Marphil Realty Corp., 130 AD3d 615, 617).
Nevertheless, the landlord defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of the condition (see Amster v Kromer, 157 AD3d 922, 923). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the landlord defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court