Kernell v Five Dwarfs, Inc. (2022 NY Slip Op 04624)

Kernell v Five Dwarfs, Inc.

2022 NY Slip Op 04624

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-13255
 (Index No. 9696/16)

[*1]Linda Kernell, appellant, 
v
Five Dwarfs, Inc., et al., respondents.

The Licatesi Law Group, LLP (Heitz Legal P.C., New York, NY [Dana E. Heitz and Jennifer M. Ahlfeld], of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York, NY (Carla Varriale of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 27, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On January 16, 2016, at approximately 11:00 p.m., the plaintiff allegedly tripped and fell while descending a single-step riser at the defendants' night club and bar, and injured her leg. Following discovery, the defendants moved for summary judgment dismissing the complaint contending, inter alia, that the single-step riser was open and obvious and not inherently dangerous. In opposition, the plaintiff argued, among other things, that she could not see the step because of poor lighting and overcrowding.
In an order dated August 27, 2019, the Supreme Court granted the defendants' motion on the ground that the step was open and obvious and not inherently dangerous. The plaintiff appeals. We reverse.
The defendants bore the burden of establishing, prima facie, that the single-step riser was an open and obvious condition which was not inherently dangerous (see Surujnaraine v Valley Stream Cent. High School Dist., 88 AD3d 866).
Where, as here, visual cues are provided to alert patrons to the existence of a step, surrounding circumstances— such as a large number of people traversing the area—may still obscure the condition (see Cassone v State of New York, 85 AD3d 837).
In this case, the defendants' submissions demonstrated that the single-step riser was located between the dance floor and another area of the premises, such that persons exiting the dance floor in that direction would traverse the area where the step was located and a crowd could form, obscuring both a warning sign which was below eye level, and the step which was painted white. The plaintiff testified at her deposition that the premises were crowded, and that she did not see the [*2]step or the paint on the step. Another witness testified at her deposition that the premises were so crowded that the witness could not see the floor.
In view of the foregoing, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the condition was open and obvious and not inherently dangerous. Accordingly, the Supreme Court should have denied the defendants' motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court