Brady v 2247 Utica Ave. Realty Corp. (2022 NY Slip Op 06100)

Brady v 2247 Utica Ave. Realty Corp.

2022 NY Slip Op 06100

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-03284
 (Index No. 510530/16)

[*1]Keith S. Brady, respondent,
v
2247 Utica Ave. Realty Corp., et al., appellants.

Sobel Pevzner, LLC, Huntington, NY (Curtis Sobel of counsel), for appellants.
Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated February 5, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and denied the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant 7-Eleven, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell on a hole in a sidewalk abutting the parking lot of a 7-Eleven store in Brooklyn. The premises were owned by the defendant 2247 Utica Ave. Realty Corp. (hereinafter the property owner), and leased to the defendant 7-Eleven, Inc. (hereinafter 7-Eleven). Following discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability, contending that the defendants were negligent in failing to maintain the abutting sidewalk in a reasonably safe condition and that they had notice of the defective condition. The defendants cross-moved for summary judgment dismissing the complaint on the grounds, among others, that the plaintiff's alleged impaired state due to marijuana use was the sole proximate cause of his injuries, and that the alleged defect was open and obvious and not inherently dangerous. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and denied the defendants' cross motion. However, the court determined that issues relating to the plaintiff's comparative negligence should be tried before a jury. The defendants appeal.
Administrative Code of the City of New York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." "[A] lessee of property which abuts a public sidewalk owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a [*2]result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty" (Martin v Rizzatti, 142 AD3d 591, 592-593; see Hsu v City of New York, 145 AD3d 759, 760). Additionally, "[a]s a general rule, the provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party" (Hsu v City of New York, 145 AD3d at 760; see Martin v Rizzatti, 142 AD3d at 593). Only "where a lease agreement is so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, [may] the tenant . . . be liable to a third party" (Hsu v City of New York, 145 AD3d at 760 [internal quotation marks omitted]; see Paperman v 2281 86th St. Corp., 142 AD3d 540, 541). Here, the plaintiff failed to establish, prima facie, that 7-Eleven had any duty to maintain the sidewalk abutting the property it leased. Therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against 7-Eleven.
To obtain summary judgment on the issue of liability, a plaintiff does not have to demonstrate the absence of his or her own comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 323; Jackson v Klein, 203 AD3d 1147, 1148). Therefore, even though the defendants raised a triable issue of fact as to the plaintiff's comparative negligence, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the property owner.
A property owner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Dillon v Town of Smithtown, 165 AD3d 1231, 1232; Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751, 751). "A condition that is ordinarily apparent to a person making reasonable use of [his or her] senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Dillon v Town of Smithtown, 165 AD3d at 1232 [internal quotation marks omitted]). Thus, "[w]hether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury" (id.; see Trincere v County of Suffolk, 90 NY2d 976, 977). Here, the defendants failed to establish, prima facie, that the sidewalk defect was open and obvious and not inherently dangerous.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal (see Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033), or need not be addressed in light of our determination.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court