Lore v Fitness Intl., LLC (2022 NY Slip Op 06922)

Lore v Fitness Intl., LLC

2022 NY Slip Op 06922

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-03556
 (Index No. 604962/18)

[*1]Steven Lore, appellant, 
v
Fitness International, LLC, etc., respondent.

The Bongiorno Law Firm, PLLC (John Miras and Edelstein & Grossman, New York, NY [Jonathan Edelstein], of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.C., Melville, NY (Leslie McHugh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated April 14, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On February 8, 2016, the plaintiff allegedly tripped and fell on a tiled single-step riser while entering a shower stall in the locker room at the defendant's fitness club. The single-step riser was approximately 4½ inches high and was tiled in the same color and pattern as the floor tiles which bordered the top and bottom of the step. Following discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, in effect, that the single-step riser was open and obvious and not inherently dangerous. In opposition, the plaintiff argued, among other things, that the single-step riser was obscured by poor lighting conditions. In an order dated April 14, 2020, the Supreme Court granted the defendant's motion on the ground that the single-step riser was open and obvious and not inherently dangerous. The plaintiff appeals. We reverse.
A possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799; see Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 776). "[T]he issue of '[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances'" (Sebagh v Capital Fitness, Inc., 202 AD3d 853, 855, quoting Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; see Kernell v Five Dwarfs, Inc., 207 AD3d 622). In addition, "whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for the jury" (Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; see Liriano v Hobart Corp., 92 NY2d 232, 242).
Here, contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that the single-step riser was open and obvious and not inherently dangerous under the [*2]surrounding circumstances, including the lighting conditions at the time of the accident (see Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696; Lazic v Trump Vil. Section 3, Inc., 134 AD3d at 776; Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761, 762). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court