Evans v Fields (2023 NY Slip Op 03000)

Evans v Fields

2023 NY Slip Op 03000

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-03123
 (Index No. 601855/19)

[*1]Yvonne Evans, appellant,
v
Louis Fields, respondent. Jerome D. Patterson, Bayside, NY, for appellant.

Denis J. Kennedy, Garden City, NY (Lorraine M. Korth of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated April 8, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell over a white flowerpot located next to a white column on the landing of premises owned by the defendant. At her deposition, the plaintiff testified that, on the day at issue, she was standing on the landing outside the defendant's front door speaking with the defendant, who was standing in the doorway. The plaintiff testified that when the defendant moved the outer screen door toward her, she stepped back into the object, lost her balance, and fell from the landing. The defendant moved for summary judgment dismissing the complaint. By order dated April 8, 2021, the Supreme Court granted the defendant's motion. The court determined that the "flower pot on the defendant's front step was open and obvious and not inherently dangerous." The plaintiff appeals, and we reverse.
"A property owner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621, 622; see Dillon v Town of Smithtown, 165 AD3d 1231, 1232). However, "[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713; see Sebagh v Capital Fitness, Inc., 202 AD3d 853, 855). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Katz v Westchester County Healthcare Corp., 82 AD3d at 713; see Brady v 2247 Utica Ave. Realty Corp., 210 AD3d at 622; Dillon v Town of Smithtown, 165 AD3d at 1232). Therefore, "[w]hether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury" (Dillon v Town of Smithtown, 165 AD3d at 1232; see Brady v 2247 Utica Ave. Realty Corp., 210 AD3d at 622-623; Sebagh v Capital Fitness, Inc., 202 AD3d at 855).
Here, the defendant failed to establish, prima facie, that the alleged condition was open and obvious and not inherently dangerous under the circumstances surrounding the accident (see Cram v Keller, 166 AD3d 846, 848; Dalton v North Ritz Club, 147 AD3d 1017, 1018; cf. Spina v Brookwood Ronkonkoma, LLC, 185 AD3d 621). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court