Naftaliyeva v Shoprite of Ave. I (2024 NY Slip Op 06207)

Naftaliyeva v Shoprite of Ave. I

2024 NY Slip Op 06207

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-02907
 (Index No. 509429/19)

[*1]Rubaba Naftaliyeva, appellant, 
v
Shoprite of Avenue I, et al., defendants, NYC Shoprite Associates, Inc., et al., respondents.

Alexander T. Shapiro & Associates P.C., New York, NY (Stewart Greenspan of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Ellie S. Konstantatos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 22, 2022. The order granted the motion of the defendants NYC Shoprite Associates, Inc., Wakefern Food Corp., and Shop-Rite Supermarkets, Inc., for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the defendants Shoprite of Avenue I, NYC Shoprite Associates, Inc., Wakefern Food Corp., and Shop-Rite Supermarkets, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants NYC Shoprite Associates, Inc., Wakefern Food Corp., and Shop-Rite Supermarkets, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs payable to the plaintiff.
On October 5, 2017, the plaintiff allegedly was injured at a Shoprite supermarket in Brooklyn when she slipped and fell on the floor. Thereafter, the plaintiff commenced this action to recover damages for personal injuries related to the fall. The defendants NYC Shoprite Associates, Inc., Wakefern Food Corp., and Shop-Rite Supermarkets, Inc. (hereinafter collectively the moving defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the moving defendants and the defendant Shoprite of Avenue I. In an order dated March 22, 2022, the Supreme Court granted the moving defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"A property owner has a duty to maintain its premises in a reasonably safe condition" (Parrinello v Independence Plaza SC, LLC, 189 AD3d 1441, 1442), which "may also include the duty to warn of a dangerous condition" (Darginsky v Food Parade, Inc., 217 AD3d 748, 748 [internal quotation marks omitted]). "However, there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Ferruzzi v Village of Saltaire, 219 AD3d [*2]1310, 1311; see Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154).
"In moving for summary judgment in a slip-and-fall case, the defendant has the burden of establishing, prima facie, that it neither created the hazardous condition which caused the plaintiff's injury nor had actual or constructive notice of such condition" (Parrinello v Independence Plaza SC, LLC, 189 AD3d at 1442) or, alternatively, that the alleged condition "was both open and obvious, and not inherently dangerous" (Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837; see Johnson v Acumen Capital Partners, LLC, 213 AD3d 746, 747). "The issue of whether a condition is open and obvious and not inherently dangerous is case-specific, and usually a question of fact for a jury" (Clayton v Marcy Supermarket & Deli Corp., 191 AD3d 842, 843).
Whether a condition is open and obvious is relevant to a plaintiff's comparative fault, but does not negate liability (see Everett v CMI Servs. Corp., 206 AD3d 620, 621; Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761, 761). Similarly, whether a defendant has provided warnings of a dangerous condition is relevant to a plaintiff's comparative fault, but does not negate liability (cf. Lumpkin v 3171 Rochambeau Ave, LLC, 148 AD3d 511, 512).
Here, the moving defendants failed to establish, prima facie, that the alleged condition was open and obvious and not inherently dangerous under the circumstances surrounding the accident (see Evans v Fields, 217 AD3d 656, 657; Brett v AJ 1086 Assoc., LLC, 189 AD3d at 1154-1155). At the time of the accident, an employee in the maintenance department at the supermarket was cleaning the floor with a chemical cleaner. Notably, the area where the floor was being treated was in a narrow and busy corridor behind the cash registers (see Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607-608; Kernell v Five Dwarfs, Inc., 207 AD3d 622, 623; Cassone v State of New York, 85 AD3d 837, 839). Moreover, the moving defendants failed to eliminate triable issues of fact related to the adequacy of the warnings they provided pertaining to the alleged dangerous condition (see Darginsky v Food Parade, Inc., 217 AD3d at 748-749).
Since the moving defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court