Niyazov v Ditmas Mgt. Corp. (2025 NY Slip Op 02349)

Niyazov v Ditmas Mgt. Corp.

2025 NY Slip Op 02349

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-09619
 (Index No. 713971/16)

[*1]Aleksander Niyazov, appellant, 
v
Ditmas Management Corp., et al., respondents (and third-party actions).

William Pager, Brooklyn, NY, for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Joanna Zwosta and Andrew Longo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 15, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries against the defendants, which allegedly owned and/or managed certain real property located in Queens. The plaintiff alleged that he sustained injuries when he tripped and fell when his left foot became caught in depressed ground between a fence on the property and the sidewalk. At his deposition, the plaintiff testified that, on the day at issue, he was walking his dog when it was attacked by another dog. While trying to pull the dogs apart, the plaintiff "fell into this depressed ground between [the] fence and sidewalk with [his] left foot, and then [he] fell with [his] two hands on the sidewalk." The plaintiff described the area between the fence and the edge of the sidewalk as approximately one foot wide and five to six inches deep. The defendants moved for summary judgment dismissing the complaint. By order entered December 15, 2020, the Supreme Court granted the motion. The plaintiff appeals. We reverse.
"Property owners have a common-law duty to maintain property in a reasonably safe condition, but there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Beier v Giglio, 230 AD3d 733, 733). However, "[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (Evans v Fields, 217 AD3d 656, 656 [internal quotation marks omitted]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (id. [internal quotation marks omitted]; see Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 776). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that the alleged condition was open and obvious and not inherently dangerous under the circumstances surrounding the accident. In addition, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged defective condition (see Baron v 305-323 E. Shore Rd. Corp., 121 AD3d 826, 828; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court