■ KRISTAL PEREIRA et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. BOYNTON PLACE CONTRACTING CORP., Third-Party Defendant-Appellant. [668 NYS2d 672] —In an action to recover damages for personal injuries, etc., the defendant third-party defendant, Boynton Place Contracting Corp., appeals from an order of the Supreme Court, Richmond County (Leone, J.), entered August 18, 1996, which denied its motion for summary judgment dismissing the complaint and third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the appellant's contention, the Supreme Court did not err in denying its motion for summary judgment. Although the appellant claims that it fully complied with New York City Housing Authority contract specifications in installing a steam riser in the bathroom of the plaintiffs' apartment, the evidentiary proof submitted in opposition to the motion was sufficient to create a triable issue of fact as to whether the appellant failed to comply with the specifications, and whether this failure created a dangerous condition in the plaintiffs' apartment (see, Giordano v Seeyle, Stevenson & Knight, 216 AD2d 439). We note, however, that the appellant had no contractual duty to insulate the steam riser or to build a guard around it, and that there is no evidence that its failure to do so violated any applicable municipal rules, regulations, or ordinances. Under these circumstances, the appellant cannot be held liable to the plaintiffs for its alleged negligence in failing to either insulate or build a guard around the steam riser (cf., Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579; see, Fecht v City of New York, 244 AD2d 315; Gurriell v Town of Huntington, 129 AD2d 768). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.