■ HELEN COAKLEY, Respondent, v CITY OF NEW YORK et al., Defendants, and DIAMOND ASPHALT CORPORATION, Appellant. [706 NYS2d 318] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 26, 1998, which, in an action alleging that defendant-appellant contractor's negligence caused damage to a sewer line leading to plaintiff's residence, granted plaintiff's motion to amend the complaint so as to add a cause of action for personal injuries, and denied appellant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's original complaint, which alleged that appellant's negligence caused damage not only to her home but also "caus[ed] plaintiff to suffer physical damage which resulted from cleaning and bailing buckets of water," should have put appellant on notice that plaintiff was seeking to recover for personal injuries as well as property damage. Accordingly, the proposed amendment, which was made within the limitations period for personal injury claims and, except for clarifying that a personal injury claim was being made, does not change or add any facts to the original pleading, cannot prejudice appellant, and should be allowed.

Appellant's cross motion for summary judgment, arguing that it is undisputed that it was following the plans and specifications provided to it by a codefendant showing the absence of any sewer line running to plaintiff's residence, was properly denied. Facts essential to justify opposition may be adduced in disclosure, namely, whether the plans were so apparently deficient as to put a contractor of ordinary prudence on notice of omitted sewer lines (see, Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46). Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.