Maher v Vargas-Bonilla (2021 NY Slip Op 01038)





Maher v Vargas-Bonilla


2021 NY Slip Op 01038


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-14504
 (Index No. 513169/18)

[*1]Khaled Maher, appellant, 
v
Roberto Vargas-Bonilla, et al., respondents.


The Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondent George Ramos.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 6, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 28, 2018, the defendant Roberto Vargas-Bonilla, a mechanic employed by the defendant Goals Service Station, Inc., was working on a vehicle owned by the defendant George Ramos, when the vehicle accelerated and struck a wall inside the service station. At that time, the plaintiff was standing on the other side of the wall, washing a mug at a sink which was attached to the wall, when the wall and the sink came toward him, causing him to fall.
The plaintiff commenced this personal injury action against the defendants. Subsequently, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated November 6, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff failed to establish, prima facie, that Vargas-Bonilla was negligent, and that his negligence proximately caused the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In support of his motion, the plaintiff submitted a transcript of his deposition testimony, which demonstrated that he did not know how the accident occurred, and a copy of a certified police accident report. Contrary to the plaintiff's contention, the police report, which contained Vargas-Bonilla's statement, did not unequivocally state that the vehicle accelerated due to Vargas-Bonilla's negligence.
Since the plaintiff failed to meet his prima facie burden, the Supreme Court properly denied that branch of his motion which was for summary judgment on the issue of liability without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court