Ramirez v Wangdu (2021 NY Slip Op 03476)





Ramirez v Wangdu


2021 NY Slip Op 03476


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-12074
 (Index No. 701851/18)

[*1]Gustavo Ramirez, respondent,
v
Pema Wangdu, appellant.


Nancy L. Isserlis (The Zweig Law Firm, P.C., Brooklyn, NY [Jonah S. Zweig], of counsel), for appellant.
The Orlow Firm, Flushing, NY (T.P. Murphy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated September 17, 2019. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence, is denied.
In February 2018, the plaintiff commenced this action against the defendant to recover damages for personal injuries that he alleged that he sustained in October 2017 when the plaintiff's vehicle and the defendant's vehicle collided at an intersection in Queens. The plaintiff moved for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence. In an order dated September 17, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals. We reverse.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see e.g. Rodriguez v City of New York, 31 NY3d 312, 319-320; Maher v Vargas-Bonilla, 191 AD3d 867, 868). In addition, the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative negligence (see Poon v Nisanov, 162 AD3d 804, 808).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law. In support of his motion, the plaintiff submitted his deposition testimony and the deposition testimony of the defendant. Inasmuch as the deposition testimony of the defendant and that of the plaintiff raised triable issues of fact as to who had the right of way, the plaintiff's submissions failed to eliminate all triable issues of fact as to whether the defendant was negligent (see e.g. Maher v Vargas-Bonilla, 191 AD3d at 868; Poon v Nisanov, 162 AD3d at 807-808) and [*2]whether the plaintiff was free from comparative negligence (see generally Flores v Rubenstein, 175 AD3d 1490, 1491; Aponte v Vani, 155 AD3d 929, 930-931).
Since the plaintiff failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court