Baran v Port Auth. of N.Y. & N.J. (2021 NY Slip Op 04539)





Baran v Port Auth. of N.Y. & N.J.


2021 NY Slip Op 04539


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-00078
 (Index No. 13756/15)

[*1]Jacek Baran, plaintiff-respondent, 
v
Port Authority of New York & New Jersey, et al., defendants-respondents, Turner Construction Company, Inc., appellant.


Cozen O'Connor, New York, NY (William K. Kirrane, Edward Hayum, and Alison M. Berson of counsel), for appellant.
Greenberg & Stein, P.C., New York, NY (Ian Asch of counsel), for plaintiff-respondent.
Alimonti Law Offices, P.C., Valhalla, NY (Joy M. Posner and Frederick P. Alimonti of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Turner Construction Company, Inc., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered September 19, 2018. The order, insofar as appealed from, denied the motion of the defendant Turner Construction Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, a United States Customs and Border Protection Officer, allegedly was injured when he tripped over a metal rail-shaped fixture at the site of a construction project at John F. Kennedy International Airport. He subsequently commenced this action against, among others, the defendant Turner Construction Company, Inc. (hereinafter Turner), the general contractor for the construction project. Turner moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered September 19, 2018, the Supreme Court, inter alia, denied Turner's motion. Turner appeals.
The Supreme Court properly denied Turner's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In general, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Nevertheless, the Court of Appeals has recognized three exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [alterations, citations, and internal quotation marks omitted]).
Here, as Turner notes, it did not contend in support of its motion that it cannot be held vicariously liable for its subcontractor's alleged creation of a dangerous condition during the performance of its work, thereby launching a force or instrument of harm. Instead, Turner argued in support of its motion and also contends on appeal that it and its subcontractor had completed their work in accordance with Turner's contractual duties, and that they reasonably believed that another contractor would install glass partitions that would have eliminated any dangerous condition and prevented the plaintiff's accident (see Sobel v City of New York, 9 NY2d 187, 193-195; Peluso v ERM, 63 AD3d 1025, 1026; Pereira v New York City Hous. Auth., 247 AD2d 455). However, Turner failed to submit its contract or other evidence capable of establishing those facts as a matter of law (see Nachamie v County of Nassau, 147 AD3d 770, 775).
Contrary to Turner's contention, "proof that a dangerous condition is open and obvious does not preclude a finding of liability . . . but is relevant to the issue of the plaintiff's comparative negligence" (Cupo v Karfunkel, 1 AD3d 48, 52). "Thus, to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous" (Crosby v Southport, LLC, 169 AD3d 637, 640). Here, Turner failed to establish, prima facie, that the alleged defect was not inherently dangerous, even though it may have been open and obvious (see Vigil v City of New York, 110 AD3d 986, 987).
Since Turner failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court