Hamel v Park Ave. Armory (2022 NY Slip Op 00009)





Hamel v Park Ave. Armory


2022 NY Slip Op 00009


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 450647/18 Appeal No. 14957 Case No. 2020-04700 

[*1]Veronica Hamel, Plaintiff-Respondent,
v
Park Avenue Armory et al., Defendants, Seventh Regiment Armory Conservancy, Inc., Defendant-Respondent, The Lighting Syndicate LLC, Defendant-Appellant.


Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for Veronica Hamel, respondent.
Miranda Slone Sklarin Verveniotis LLP, Mineola (Andrew B. Kaufman of counsel), for Seventh Regiment Armory Conservancy, Inc., respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered November 25, 2020, which, to the extent appealed from, denied defendant Lighting Syndicate LLC's motion for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.
Plaintiff brought this personal injury action alleging that on April 14, 2017, she fell on a black staircase off a rotating stage platform at the Park Avenue Armory while attending the performance of a play. Plaintiff claims that she had to cross the black staircase to get to her seat. She alleges that although the seating area was bright yellow and well lit, the black staircase led to a black landing with no handrails or additional lighting, and no contrasting markings, which created an optical confusion that resulted in her fall. Defendant Lighting Syndicate LLC installed the lighting and the rotating stage.
The court properly denied Lighting Syndicate's motion for summary judgment. Contrary to Lighting Syndicate's contention, it did not establish as a matter of law that it, as a contractor, was merely relying on plans and specifications provided to it, and that it complied with those plans or specifications (see Baran v Port Auth. of N.Y. & N.J., 196 AD3d 674, 675 [2d Dept 2021]; cf. Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489 [1st Dept 2017]). Issues of fact also exist as to whether the plans and specifications were so apparently deficient as to have put a contractor of ordinary prudence on notice that the work created a dangerous condition and was likely to cause injury (see Coakley v City of New York, 270 AD2d 150, 150 [1st Dept 2000]; White v Humphrey, 245 AD2d 1068 [4th Dept 1997]).
In any event, triable issues of fact exist as to whether Lighting Syndicate, in allegedly failing to exercise reasonable care in performance of its duties, including its operation of the lights at the theater, launched a force or instrument of harm by
exacerbating a dangerous condition (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140, 142-143 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022