Sebagh v Capital Fitness, Inc. (2022 NY Slip Op 00892)





Sebagh v Capital Fitness, Inc.


2022 NY Slip Op 00892


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-08257
 (Index No. 606781/16)

[*1]Yael Sebagh, respondent-appellant,
v
Capital Fitness, Inc., et al., appellants-respondents.


Litchfield Cavo LLP, New York, NY (Patricia A.Carbone of counsel), for appellants-respondents.
Leahey & Johnson, P.C, New York, NY (Jason L. Paget, Peter James Johnson, Jr., Joanne Filiberti, and Gabriel Krausman of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered May 30, 2019. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fourth affirmative defense. The order, insofar as cross-appealed from, denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the sixth affirmative defense.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fourth affirmative defense, and substituting therefor provisions denying those branches of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries. The plaintiff alleged that she was injured when she attempted to disembark from a treadmill at a fitness center. As she stepped off the treadmill, the plaintiff allegedly tripped or stepped on an electrical box that was located on the floor next to the treadmill, which caused her to fall and sustain personal injuries. The plaintiff alleged that the building was owned by the defendant Simon Property Group, L.P., and leased by the defendants Capital Fitness, Inc., and Capital Fitness-Roosevelt, LLC.
The defendants interposed an answer which included 10 affirmative defenses. As relevant here, the third affirmative defense asserted the primary assumption of risk doctrine, the fourth affirmative defense asserted that the allegedly dangerous condition was open and obvious, and the sixth affirmative defense generally asserted that the plaintiff was comparatively negligent.
The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability, and dismissing the third, fourth, and sixth affirmative defenses.
In an order entered May 30, 2019, the Supreme Court denied the defendants' motion, and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the third and fourth affirmative defenses. The court denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the sixth affirmative defense. The defendants appeal, and the plaintiff cross-appeals.
On their appeal, the defendants contend that the Supreme Court erred in denying their motion for summary judgment dismissing the complaint and in granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fourth affirmative defense. On her cross appeal, the plaintiff contends that the court erred in denying that branch of her cross motion which was for summary judgment dismissing the sixth affirmative.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Ramirez v Wangdu, 195 AD3d 646, 646; see Rodriguez v City of New York, 31 NY3d 312, 319-320; Maher v Vargas-Bonilla, 191 AD3d 867, 868; Stukas v Streiter, 83 AD3d 18, 23). "In addition, the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of the defendant's affirmative defense alleging comparative negligence" (Ramirez v Wangdu, 195 AD3d at 646; see Poon v Nisanov, 162 AD3d 804, 808). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
As relevant here, while the owner or possessor of real property may have a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058, 1059; see Cupo v Karfunkel, 1 AD3d 48, 52). A condition is open and obvious if it is "readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). However, the issue of "[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (id. at 713). "Because of the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question" (Liriano v Hobart Corp., 92 NY2d 232, 242).
Here, in support of those branches of her cross motion which were for summary judgment on the issue of liability and dismissing the fourth and sixth affirmative defenses, the plaintiff submitted transcripts of her deposition testimony and of an individual who witnessed the plaintiff's accident. This testimony indicated that the color of the electrical box was similar to the color of the carpet, and that the electrical box was located so close to the subject treadmill that it could not be observed by an individual who was standing on that machine. The plaintiff also submitted an affidavit of an expert which tended to support the plaintiff's contention that the electrical box constituted a dangerous condition. The plaintiff's submissions established, prima facie, that the location and condition of the electrical box rendered it a dangerous condition that was not open and obvious. The plaintiff's submissions also demonstrated, prima facie, that she was not at fault in the happening of the accident.
However, in opposition to this prima facie showing, the defendants raised a triable issue of fact. In opposing the plaintiff's cross motion, the defendants cited to the evidence submitted in support of their motion for summary judgment dismissing the complaint, which included photographs allegedly depicting the subject electrical box, and testimony relating to the configuration and installation of the treadmills on the floor of the fitness center. The defendants' submissions [*2]tended to show that the electrical box was open and obvious, and not inherently dangerous (see generally Bellini v Gypsy Magic Enters., Inc., 112 AD3d 867, 868). The defendants' opposition also raised triable issues of fact relating to "[the] plaintiff's credibility" (Klein v City of New York, 89 NY2d 833, 835; cf. Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 440; Milligan v Tutor Perini Corp., 191 AD3d 437, 438), and the credibility of her other witnesses, including her expert witness (see generally Felt v Olson, 51 NY2d 977, 979; Lelekakis v Kamamis, 41 AD3d 662, 665). Since the record failed to establish that judgment as a matter of law was warranted, the Supreme Court erred in granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability and dismissing the fourth affirmative defense. The court properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the sixth affirmative defense.
The defendants' remaining contention, that the Supreme Court erred in denying their motion for summary judgment dismissing the complaint, is without merit.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court