Ferrezza v Das (2022 NY Slip Op 06230)

Ferrezza v Das

2022 NY Slip Op 06230

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-06343
 (Index No. 151254/18)

[*1]Mark Ferrezza, appellant, 
v
Priyanka Das, defendant, JCDecaux North America, Inc., respondent.

William Pager, Brooklyn, NY, for appellant.
Malapero Prisco & Klauber, LLP, New York, NY (Robert L. Emmons of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated August 13, 2020. The order granted the motion of the defendant JCDecaux North America, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant JCDecaux North America, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.
On the afternoon of January 2, 2018, the plaintiff allegedly tripped and fell over an empty crate in front of a newsstand located at the corner of 17th Street and 6th Avenue in Manhattan. After the accident, the plaintiff commenced this action to recover damages for personal injuries against the defendant Priyanka Das, who operated the newsstand, and the defendant JCDecaux North America, Inc. (hereinafter JCDecaux), which, inter alia, installed and owned the newsstand. JCDecaux moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not owe a duty of care to the plaintiff, and that it did not have notice of the allegedly hazardous condition that caused his fall. The Supreme Court granted the motion, and the plaintiff appeals.
"Generally, the elements of a cause of action sounding in negligence are: (1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof" (Stukas v Streiter, 83 AD3d 18, 23; see Pulka v Edelman, 40 NY2d 781, 782; Federico v Defoe Corp., 138 AD3d 682, 684). Here, JCDecaux asserted that it installed the subject newsstand pursuant to its contract with the New York City Department of Transportation (hereinafter the DOT), and that pursuant to the terms of its contract with the DOT, it owned the newsstand but only had a limited duty to clean and maintain it. However, in support of its motion, JCDecaux failed to submit a copy of its agreement with the DOT, and it failed to establish, prima facie, that it did not owe the plaintiff a duty of care (see Baran v Port Auth. of N.Y. & N.J., 196 AD3d 674, 675; Andriienko v Compass Group USA, Inc., 174 AD3d 558, 560; Poole v MCPJF, Inc., 127 AD3d 949). JCDecaux also failed to establish, prima facie, that it did not have constructive notice of the allegedly hazardous condition (see Schwartz v Gold Coast Rest. Corp., 139 [*2]AD3d 696; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). Since JCDecaux failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court