Anderson v East Hills Subaru, Inc. (2023 NY Slip Op 06230)

Anderson v East Hills Subaru, Inc.

2023 NY Slip Op 06230

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-02799
 (Index No. 600586/20)

[*1]Keith Anderson, respondent, 
v
East Hills Subaru, Inc., et al., appellants, et al., defendant.

Cascone & Kluepfel, LLP, Farmingdale, NY (Beth L. Rogoff-Gribbins of counsel), for appellants.
Cohan Law, PLLC, New York, NY (Michael Cohan and Beth S. Gereg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants East Hills Subaru, Inc., East Hills Chrysler-Plymouth, Inc., and Fleetking, Inc., appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered April 27, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2020, the plaintiff commenced this action against, among others, Fleetking, Inc. (hereinafter Fleetking), East Hills Subaru, Inc., and East Hills Chrysler-Plymouth, Inc. (hereinafter collectively the defendants), to recover damages for personal injuries he allegedly sustained in May 2019 when an electric unicycle he was riding on a sidewalk became tangled with a hose operated by a Fleetking employee. The plaintiff alleged, inter alia, that the defendants were negligent in the ownership, control, and maintenance of their premises and in allowing, causing, and permitting a dangerous condition to exist on the sidewalk. Subsequently, the defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 27, 2022, the Supreme Court, inter alia, denied that branch of the motion.
Contrary to the defendants' contention, although there is no real dispute that the condition at issue was open and obvious, they failed to establish that the condition was not inherently dangerous. The issue of whether a dangerous condition is open and obvious is generally fact specific, and it is most often a question of fact for a jury to resolve (see Sebagh v Capital Fitness, Inc., 202 AD3d 853; Saintume v Lamattina, 192 AD3d 1156). Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances (see Sebagh v Capital Fitness, Inc., 202 AD3d at 855; Atehortua v Lewin, 90 AD3d 794). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Sebagh v Capital Fitness, Inc., 202 AD3d at 855 [internal quotation marks omitted]; see Cassone v State of New York, 85 AD3d 837).
Moreover, demonstrating that a condition is open and obvious, by itself, relates only to the issue of comparative fault, and does not absolve a moving party of all fault (see Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d 697; Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454), unless it is also demonstrated that the condition is not inherently dangerous (see Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d at 699).
Here, the defendants failed to establish, prima facie, that the hose with which the plaintiff's unicycle became entangled was not inherently dangerous. The deposition testimony of a Fleetking employee, which, among other evidence, the defendants submitted in support of their motion, indicated that the employee sought to keep the hose clear of the sidewalk to prevent accidents (see Baran v Port Auth. of N.Y. & N.J., 196 AD3d 674, 676; Vigil v City of New York, 110 AD3d 986, 987).
Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court