Papetti v City of Long Beach (2024 NY Slip Op 02714)

Papetti v City of Long Beach

2024 NY Slip Op 02714

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-08478
 (Index No. 615905/19)

[*1]Zoe Papetti, respondent, 
v
City of Long Beach, appellant.

Dennis Cohen, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for appellant.
Denis G. Kelly & Associates, P.C., Long Beach, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 21, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained when she fell while riding her bicycle after yellow caution tape became wrapped around the bicycle's handlebars. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order entered September 21, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"[T]here is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Johnson v 1451 Assoc., L.P., 225 AD3d 752, 753 [internal quotation marks omitted]). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Sebagh v Capital Fitness, Inc., 202 AD3d 853, 855 [internal quotation marks omitted]). In other words, "whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (id. [alterations and internal quotation marks omitted]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (id. [internal quotation marks omitted]). "'Because of the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question'" (id., quoting Liriano v Hobart Corp., 92 NY2d 232, 242).
Here, the defendant failed to establish, prima facie, that the subject condition was open and obvious (see Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696; Morris v City of New York, 143 AD3d 681, 683) and not inherently dangerous (see Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607-608; Baran v Port Auth. of N.Y. & N.J., 196 AD3d 674, 676). Notably, photographs of the accident location, which were taken immediately after the accident and were submitted by the defendant in support of its motion, depict an orange traffic barrel in the street near [*2]the curbline where the accident occurred. Furthermore, the photographs depict several feet of slack yellow caution tape tied to the traffic barrel. Thus, the photographs corroborate the deposition testimony of the plaintiff, which was also submitted by the defendant in support of its motion, in substance, that while the traffic barrel was visible to the plaintiff, the caution tape was not visible prior to the accident.
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court