Blackwood v E.S.F. Transp., Inc. (2024 NY Slip Op 05087)

Blackwood v E.S.F. Transp., Inc.

2024 NY Slip Op 05087

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-02899
 (Index No. 520015/17)

[*1]Minnette Blackwood, plaintiff-respondent, 
v
E.S.F. Transport, Inc., et al., defendants-respondents, Althea Kennedy Housing Development Fund Corp., appellant.

Molod Spitz & DeSantis, P.C., New York, NY (Robert A. Von Hagen and Salvatore J. DeSantis of counsel), for appellant.
Burns & Harris, New York, NY (Mariel Crippen and Judith F. Stempler of counsel), for plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Althea Kennedy Housing Development Fund Corp. appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 23, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claims for common-law indemnification.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On January 5, 2016, the plaintiff allegedly was injured when she tripped and fell over a hose on a sidewalk abutting certain real property located in Manhattan that was owned by the defendant Althea Kennedy Housing Development Fund Corp. (hereinafter Althea). The hose allegedly was attached to a parked oil truck operated by the defendant Steven Hlavna, an employee of the defendant E.S.F. Transport, Inc. (hereinafter ESF, and together with Hlavna, the ESF defendants), and extended, partially in the shade, across the sidewalk to the exterior wall of Althea's building without warning signs. ESF had been hired by Sprague Operating Resources, Inc., which, in turn, was employed by Lemle & Wolff, Inc., Althea's managing agent, to fulfill an order for residential heating oil. Subsequently, the plaintiff commenced this action to recover damages for personal injuries against Althea and the ESF defendants. With respect to Althea, the plaintiff alleged, inter alia, that Althea had a duty to maintain the sidewalk abutting its property in a reasonably safe condition, free from any hazards. Following the completion of discovery, Althea moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claims for common-law indemnification against the ESF defendants. In an order dated March 23, 2022, the Supreme Court denied Althea's motion. Althea appeals.
Although generally a "'party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts,'" a party hiring an independent contractor may be liable when, among other things, the hiring party is under a specific nondelegable duty (Wendy-Geslin v Oil Doctors, 226 AD3d 727, 729, quoting Kleeman v Rheingold, 81 NY2d 270, 273; see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668; Murray v Community House Hous. Dev. Fund Co., Inc., 223 AD3d 675, 677; Allstate Veh. & Prop. Ins. Co. v Glitz Constr. Corp., 214 AD3d 691, 693).
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (Spinelli v Huang, 225 AD3d 917, 918 [internal quotation marks omitted]; see Wendy-Geslin v Oil Doctors, 226 AD3d at 729). "'However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable'" (Wendy-Geslin v Oil Doctors, 226 AD3d at 729, quoting Curry v Eastern Extension, LLC, 202 AD3d 907, 908 [internal quotation marks omitted]). "Thus, to prevail on its summary judgment motion, a defendant is required to establish that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (id. at 729-730; see Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120).
Here, Althea failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it. In support of its motion, Althea submitted a transcript of Hlavna's deposition testimony and the affidavit of its then superintendent, which, read together, demonstrated the existence of triable issues of fact, including whether the superintendent saw the hose extending across the sidewalk prior to the incident and whether he had notice thereof for a sufficient length of time to have remedied the potential tripping hazard presented by the hose. Therefore, Althea failed to eliminate all triable issues of fact as to whether it lacked notice of the alleged dangerous condition for a sufficient length of time to have remedied it in accordance with its nondelegable duty to ensure that the sidewalk abutting its building was maintained in a reasonably safe condition (see Wendy-Geslin v Oil Doctors, 226 AD3d at 730; Rothstein v State of New York, 284 AD2d 130, 131).
Althea also failed to demonstrate, prima facie, that the hose was open and obvious and not inherently dangerous. While there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous, the question of whether a condition is open and obvious and not inherently dangerous is generally a jury question and "cannot be divorced from the surrounding circumstances" (Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607; see Papetti v City of Long Beach, 227 AD3d 919, 919-920). Some hazards, although discernable, may be hazardous because of their nature and location and "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Anderson v East Hills Subaru, Inc., 222 AD3d at 607 [internal quotation marks omitted]; see Papetti v City of Long Beach, 227 AD3d at 919-920). Here, given the totality of the circumstances, Althea failed to eliminate all triable issues of fact as to whether the hose was clearly visible and not inherently dangerous (see Wendy-Geslin v Oil Doctors, 226 AD3d at 730; Anderson v East Hills Subaru, Inc., 222 AD3d at 607-608). Accordingly, the Supreme Court properly denied that branch of Althea's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, regardless of the sufficiency of the opposition papers of the plaintiffs and the ESF defendants (see Wendy-Geslin v Oil Doctors, 226 AD3d at 730; cf. Linder v United Metro Energy Servs. Corp., 193 AD3d 513). In light of our determination, the parties' remaining contentions with respect to that branch of Althea's motion need not be considered.
Contrary to Althea's contention, the Supreme Court properly denied that branch of Althea's motion which was for summary judgment on its cross-claims for common-law indemnification against the ESF defendants (see Kingsbrook Jewish Med. Ctr. v Islam, 172 AD3d 1342, 1343; Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999). We decline the request of the ESF defendants to search the record and dismiss Althea's cross-claims for common-law [*2]indemnification.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court