Lloyd v Liberty Beer Depot, Inc. (2025 NY Slip Op 04561)

Lloyd v Liberty Beer Depot, Inc.

2025 NY Slip Op 04561

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-08225
 (Index No. 716742/21)

[*1]Rahsean Lloyd, appellant, 
v
Liberty Beer Depot, Inc., respondent, et al., defendant.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Peirce & Salvato, PLLC, White Plains, NY (Matthew D. Pfalzer and Jeffrey Beauchesne of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy J.), entered May 29, 2024. The order granted that branch of the motion of the defendant Liberty Beer Depot, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Liberty Beer Depot, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff was thrown from an electric scooter that he was operating when he collided with the forks of a forklift owned by the defendant Liberty Beer Depot, Inc. (hereinafter the defendant). The forklift had been parked on the street with its forks resting upon a driveway apron or sidewalk leading to a delivery entrance used by the defendant.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of the accident. Following discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that the condition of the forks was open and obvious and not inherently dangerous. In an order entered May 29, 2024, the Supreme Court granted that branch of the motion. The plaintiff appeals.
"While there is no duty to protect or warn against conditions that are open and obvious and not inherently dangerous, the question of whether a condition is open and obvious and not inherently dangerous is generally a jury question and 'cannot be divorced from the surrounding circumstances'" (Blackwood v E.S.F. Transp., Inc., 231 AD3d 923, 925, quoting Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607). "Some hazards, although discernable, may be hazardous because of their nature and location and '[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted'" (id.).
Here, particularly in light of the plaintiff's deposition testimony that his view of the [*2]forklift was obstructed and that the forks blended in with the driveway apron or sidewalk, the defendant failed to eliminate all triable issues of fact as to whether the forks of the forklift were open and obvious and not inherently dangerous in light of all of the surrounding circumstances (see id.; Russo v Home Goods, Inc., 119 AD3d 924, 925-926). As the defendant did not meet its prima facie burden on that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the Supreme Court should have denied that branch of the motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In light of our determination, the plaintiff's remaining contention need not be reached.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court