Dispensa v City of New York (2026 NY Slip Op 00117)

Dispensa v City of New York

2026 NY Slip Op 00117

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-03059
 (Index No. 702182/21)

[*1]Paul Dispensa, appellant,
vCity of New York, et al., respondents.

Souren A. Israelyan, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jonathan Schoepp-Wong of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated March 28, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2012, as a consequence of Hurricane Sandy, the defendants erected an 800-foot chain-link fence along a promenade used by bicyclists and pedestrians in Hermon A. MacNeil Park in Queens. The majority of the fence was situated alongside the promenade, with a small portion of the fence erected across and obstructing the promenade (hereinafter the subject fence). On April 25, 2013, the plaintiff allegedly was injured while biking on the promenade when he crashed into the subject fence.
In November 2013, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the City. The plaintiff opposed the defendants' motion and cross-moved, among other things, for summary judgment on the issue of liability against the City. In an order dated March 28, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"A municipality has a duty to maintain its parks . . . in a reasonably safe condition" (C.B. v Incorporated Vil. of Garden City, 194 AD3d 897, 898). "[W]hile the owner or possessor of real property may have a duty to maintain its premises in a reasonably safe condition, there is no duty [*2]to protect or warn against an open and obvious condition [that], as a matter of law, is not inherently dangerous" (Sebagh v Capital Fitness, Inc., 202 AD3d 853, 855 [citation and internal quotation marks omitted]). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (id. [internal quotation marks omitted]). "However, the issue of '[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances'" (id., quoting Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713). "'A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted'" (id., quoting Katz v Westchester County Healthcare Corp., 82 AD3d at 713). "'Because of the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question'" (id., quoting Liriano v Hobart Corp., 92 NY2d 232, 242).
Here, the defendants' submissions in support of their motion, including photographs of the subject fence, failed to demonstrate, prima facie, that the presence of the subject fence across the promenade was open and obvious and not inherently dangerous under the circumstances surrounding the accident (see Niyazov v Ditmas Mgt. Corp., 237 AD3d 1104, 1105; Pellegrino v Trapasso, 114 AD3d 917, 918). Since the defendants failed to meet their prima facie burden of demonstrating that the alleged dangerous condition was open and obvious and not inherently dangerous, we need not consider the sufficiency of the plaintiff's opposition papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, "[w]here, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Congero v City of Glen Cove, 193 AD3d 679, 681 [internal quotation marks omitted]). Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged dangerous condition, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule, including "'where the locality created the defect or hazard through an affirmative act of negligence'" (Jacobowitz v City of New York, 222 AD3d 953, 955, quoting Smith v City of New York, 210 AD3d 53, 62). The affirmative negligence exception "is limited to work [done] by [a municipality] that immediately results in the existence of a dangerous condition" (Yarborough v City of New York, 10 NY3d 726, 728 [internal quotation marks omitted]; see Smith v City of New York, 210 AD3d at 62).
Here, the City established, prima facie, that it did not have prior written notice of a dangerous condition pertaining to the subject fence by submitting, inter alia, an affidavit of Crystal Harris, a parks analyst, who was the repository for prior written notices of defect-related complaints (see Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 648; Parthesius v Town of Huntington, 210 AD3d 789, 789). However, in opposition to the City's prima facie showing, the plaintiff's submissions, including a transcript of the deposition testimony of Sibylle Menendez, a parks supervisor, regarding the erection of the subject fence, were sufficient to raise a triable issue of fact as to whether the City affirmatively created a dangerous condition (see Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1261). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.
Nevertheless, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the City. In support of his cross-motion, the plaintiff submitted, inter alia, an expert affidavit of Anthony Corrado, a construction safety consultant, who opined, among other things, that the installation of the subject fence created a dangerous condition for bicyclists on the promenade. However, Corrado failed to show that he had any specialized knowledge, experience, training, or education regarding bicycle safety or park pathways so as to qualify him to render an opinion as to whether the subject fence presented a dangerous condition for bicyclists using the promenade (see C.N. v Pat Corsetti, Inc., 188 AD3d 1231, 1232; Leicht v City of N.Y. Dept. of Sanitation, 131 AD3d 515, 516). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against the City, we need not consider the sufficiency of the defendants' opposition papers [*3](see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff's remaining contentions are improperly raised for the first time on appeal, and therefore, are not properly before this Court.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court